UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICKI BECK,

    Plaintiff,

v.                                                                                        Case No. 2:13-cv-113
                                                                                                           HON. TIMOTHY P. GREELEY

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION

        Plaintiff Vicki L. Beck was born on August, 7, 1952, and has prior work experience as a driving instructor, secretary, office clerk, and computer desktop publishing, graphic artist. Transcript of Administrative Proceeding at 108, 133, 135-138 (hereinafter Tr. at __). According to Plaintiff, she became disabled as of April 3, 2005, when she ceased providing care for her companion. Tr. at 95. Plaintiff initially applied for Social Security Disability Insurance benefits on February 10, 2006. Tr. at 88. The Social Security Administration denied the claim on April 28, 2006. Tr. at 47. Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ) on June 30, 2006. Tr. at 51. The Social Security Administration granted Plaintiff's request for a hearing on July 18, 2006. Tr. at 53, 58, 65. On July 15, 2008, prior to the hearing, Plaintiff retained attorney Rudolph Perhalla to represent her in this matter. Tr. at 68. ALJ Ruth L. Kleinfeld presided over the hearing on July 15, 2008, rendering her decision that Plaintiff was not disabled under the Social Security Act on July 24, 2008. Tr. at 41. Plaintiff filed a Request for Review of Hearing Decision/Order on August 1, 2008. Tr. at 78. The Social Security Administration set a second

hearing before an ALJ on May 2, 2011. Tr. at 81. ALJ Timothy J. Malloy presided over the May 2, 2011 hearing. The ALJ issued a decision on May 27, 2011, finding Plaintiff was not disabled. Tr. at 18. Plaintiff filed a Request for Review of Hearing Decision/Order on June 22, 2011. Tr. at 5. The Appeals Council denied the request for review on February 5, 2013. Tr. at 2. On April 5, 2013, Plaintiff commenced this action against the Commissioner of Social Security.[1]

At the hearing held on July 15, 2008, Plaintiff testified that she continued to clean her house by herself and shop for herself weekly. Tr. at 991, 992. Medical records submitted as evidence showed the existence of asthma, but that Plaintiff's lungs were clear to auscultation bilaterally without crackles or wheezes, oxygen saturations were good, and the asthma was under control with treatment for the majority of time Plaintiff qualified for disability insurance. Tr. at 283, 286, 287, 288, 291, 293, 314, 577, 579, 581, 582 ("The impression from pulmonology is that the patient's lung disease is well controlled and I certainly don't find any evidence of asthma exacerbation on the patient's exam today." on June 22, 2006), 583 ("I see no indication of a worsening of her asthma at this time." on April 7, 2006). A pulmonary function test conducted on May 1, 2006, found FEV1 normal at 85%, or 2.68, and FVC normal at 80%, or 3.2. Tr. at 370-371. A physical residual functional capacity assessment administered by medical consultant Mr. Muhammad Ahmed on April 18, 2006, found Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk for at least 2 hours in an 8-hour work day, sit for about 6 hours in an 8-hour work day, and push and/or pull without limits. Tr. at 338. Additional evidence included a stress test administered on July 18, 2006, that found the gated ejection fraction normal at 73%.

---

[1]Both parties consented to proceed before the Magistrate Judge on July 11, 2013.

At the second hearing held on May 2, 2011, Plaintiff submitted the same evidence presented at the first hearing, as well as medical records through 2011. The latter records included knee pain from a fall in September 2008, later to be diagnosed as a torn meniscus on August 18, 2009. Tr. at 890, 848. Later medical records indicate degenerative joint disease in the knee appearing after the fall. Tr. at 844, 840. Vocational Expert Ms. Jane Carmichael also testified at the second hearing listing and categorizing Plaintiff's prior work experience–driving instructor as light, semi-skilled; secretary as sedentary, semi-skilled; office clerk or file clerk as light, semi-skilled; telemarketer as sedentary, unskilled; and desktop publishing, computer typesetter, and graphic design as sedentary, upper level of semi-skilled. Tr. at 977. Although evidence submitted through 2011 suggested Plaintiff may suffer disability as of the hearing date, ALJ Malloy found that between April 3, 2005 and December 31, 2006, the last date insured, Plaintiff was not under a disability as defined by the Social Security Act. Tr. at 18.

Findings of the ALJ are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a mere scintilla of evidence but "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Jones v. Sec'y, Human and Health Serv.*, 945 F.2d 1365, 1369 (6th Cir. 1991). The ALJ's decision cannot be overturned if sufficient evidence supports the decision regardless of whether evidence also supports a contradictory conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). This Court must affirm the ALJ's findings if sufficient evidence supports the decision even if evidence supports an alternative conclusion.

The ALJ must employ a five-step sequential analysis to determine if Plaintiff is under a disability as defined by the Social Security Act. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If the ALJ determines Plaintiff is or is not disabled under a step, the analysis ceases

and Plaintiff is declared as such.  20 C.F.R § 404.1520(a).  Steps four and five use the residual functional capacity assessment in evaluating the claim.  *Id.*

Plaintiff claims the ALJ erred in finding that she could perform sedentary work and erred in not applying the obesity rule.  Obesity is not a Social Security listed disability but the ALJ must consider the additional and cumulative effects of obesity when evaluating for disability.  20 C.F.R. § 404(p) app. 1.  Plaintiff claims that the ALJ erred in finding that she did not suffer a disability in 2006 while still eligible for disability insurance since the ALJ found that the "claimant is currently incapacitated because of a combination of impairments that would preclude even most sedentary work"at the 2011 hearing.  Tr. at 15.  Plaintiff claims if she is disabled now then she was disabled in 2006.

The medical evidence referenced above provides substantial evidence supporting the ALJ's finding that between April 3, 2005, and December 31, 2006, Plaintiff could perform substantial gainful activity.  The medical records provided established that Plaintiff's asthma was under control.  The physical residual functional capacity assessment found Plaintiff could continue to work as she did in the past, including clerical, secretarial, and graphic design work.  The vocational expert's testimony supports the finding that during the period in question Plaintiff was able to perform light and sedentary work of which she performed in the past.

Most of the medical ailments Plaintiff relies upon in her brief to substantiate her belief of disability relate to her condition after the date her disability insurance eligibility expired.  The brief references severe COPD in February 2007, knee impairment and degenerative joint disease appearing in 2009 and 2010, and a residual functional capacity assessment dated April 29, 2011, suggesting difficulty in performing past work.  Although this evidence may suggest a link between obesity and current disability, Plaintiff weighed significantly less in 2006 and showed no medical

evidence suggesting knee problems or degenerative joint disease that impaired her ability to work in 2006.

The record establishes that ALJ Malloy correctly evaluated the case following the five-step sequential process. The ALJ's reliance on the findings of the vocational expert and the residual functional capacity assessment in accordance with 20 C.F.R. 404.1520(a) provided substantial evidence at both steps four and five to find Plaintiff not under a disability between April 3, 2005 and December 31, 2006. Substantial evidence supports that while Plaintiff was obese, obesity did not prevent her from performing substantial gainful activity at that time.

Accordingly, the Court finds substantial evidence to support the ALJ's findings. Plaintiff's request for award of benefits will be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 29, 2014